No. 16-5854

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
Mar 30, 2017
DEBORAH S. HUNT, Clerk

CHRISTA GAIL PIKE,

Petitioner-Appellant,

v.

CAROLYN JORDAN,

Respondent-Appellee.

ORDER

Before: COOK, GRIFFIN, and STRANCH, Circuit Judges.

Christa Pike, a Tennessee prisoner under sentence of death, appeals from a district court judgment dismissing her petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. The case is now pending before this court for review of Pike's application for a certificate of appealability (COA).

In 1995, a Tennessee jury convicted Pike of first degree murder and conspiracy to commit first degree murder. The jury recommended that Pike be sentenced to death, and the trial court sentenced her accordingly. The court also sentenced her to twenty-five years of imprisonment for the conspiracy conviction. On direct appeal, the Tennessee Court of Criminal Appeals affirmed her convictions and sentences, *State v. Pike*, No. 03C01-9611-CR-00408, 1997 WL 732511 (Tenn. Crim. App. Nov. 26, 1997), as did the Tennessee Supreme Court. *State v. Pike*, 978 S.W.2d 904, 923 (Tenn. 1998).

Pike subsequently filed a petition for post-conviction relief. After conducting an evidentiary hearing, the trial court denied Pike's post-conviction petition. The Tennessee Court of Criminal Appeals affirmed the trial court's decision, *Pike v. State*, No. E2009-00016-CCA-

R3-PD, 2011 WL 1544207 (Tenn. Crim. App. Apr. 25, 2011), and the Tennessee Supreme Court denied further review.

In 2012, Pike filed her § 2254 petition, raising eleven grounds for relief. The district court concluded that Pike's claims did not warrant habeas relief and dismissed the case. *Pike v. Freeman*, No. 1:12-CV-35, 2016 WL 1050717 (E.D. Tenn. Mar. 11, 2016). The district court also denied Pike a COA for all of the issues raised in her § 2254 petition.

Under 28 U.S.C. § 2253(c)(1)(B), we grant a COA for an issue raised in a § 2254 petition only if the petitioner has made a substantial showing that the denial of a federal constitutional right has occurred. A petitioner satisfies this standard by demonstrating that reasonable judges could disagree with the district court's resolution of her constitutional claims or that judges could conclude that the issues raised are adequate to deserve further review. *Miller-El v. Cockrell*, 537 U.S. 322, 327, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The petitioner is not required to show that the appeal will succeed in order to be granted a COA, and the court should not deny a COA merely because it believes that the petitioner fails to demonstrate an entitlement to relief. *Miller-El*, 537 U.S. at 337.

In her application for a COA, Pike seeks a COA for the following issues: (1) whether her counsel rendered ineffective assistance during the trial's penalty phase; (2) whether her counsel rendered ineffective assistance during the trial's guilt phase; (3) whether the trial court improperly dismissed a juror for cause and whether counsel rendered ineffective assistance by not objecting to the dismissal; and (4) whether the Eighth Amendment prohibits the execution of an individual who was eighteen years of age at the time of the offense and suffered from mental health issues. In addition to arguing these four issues specifically, Pike generally requests a COA for the remaining claims from her habeas petition. However, since she mentions these remaining claims only in a perfunctory manner and provides no developed argumentation setting forth the reasons that they would merit a COA, she has waived consideration of those claims. *Bickerstaff v. Lucarelli*, 830 F.3d 388, 397 (6th Cir. 2016).

Upon review, we conclude that the following issue is adequate to deserve further review and we grant a COA for this claim: whether her counsel rendered ineffective assistance during the trial's penalty phase. However, Pike has not made a substantial showing of the denial of a federal constitutional right for any of the other issues from her COA application. Consequently, we deny a COA for those claims.

Accordingly, we **GRANT** in part and **DENY** in part Pike's application for a COA. The Clerk's Office shall issue a briefing schedule.

ENTERED BY ORDER OF THE COURT

Deborah S. Hunt, Clerk